UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA DE LA GARZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. EDCV 08-198-OP<br><br>MEMORANDUM OPINION AND<br>ORDER |

The Court[1] now rules as follows with respect to the three disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 13, 18.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation, filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.

# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's daughter's testimony;
2. Whether the ALJ properly considered Plaintiff's testimony; and
2. Whether the ALJ has properly considered the treating physician's opinion.

(JS at 2.)

# II.

# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# DISCUSSION

**A.    Case Background.**

Plaintiff, on behalf of her daughter, Olivia De La Garza, appeals a denial of Supplemental Security Income benefits. Plaintiff asserts an onset of disability of October 1, 1998, due to asthma.

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairment(s) functionally equal the listings and the child will be found disabled. (AR at 15); see 20 C.F.R. § 416.926a(d). The six domains to be considered by an ALJ include acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. (AR at 15.)

The Regulations provide that a child has a marked limitation in a domain "when her impairment(s) 'interferes seriously' with the ability to independently initiate, sustain, or complete activities. A child's day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities." (Id. at 15-16); see 20 C.F.R. § 416.926a(e)(2) (i). Specifically, a marked limitation will be found:

> if the child is frequently ill or has frequent exacerbations that result in significant, documented symptoms or signs that occur: (a) on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more; [or] (b) more often than 3 times in a year or once every 4 months, but not lasting for 2 weeks . . . .

(AR at 16.)

In contrast, a child has an extreme limitation in a domain when her impairment "interferes 'very seriously' with her ability to independently initiate, sustain, or complete activities. A child's day-to-day functioning may be very seriously limited when her impairment(s) limits only one activity or when the interactive and cumulative effects of her impairment(s) limit several activities." (Id.); see 20 C.F.R. § 416.926a(e)(3)(i). An extreme limitation will be found where there are "significant, documented symptoms or signs substantially in excess of the requirements for showing a 'marked' limitation." (AR at 16 (emphasis added).) In most cases, an impairment that would qualify as "extreme" would meet or medically equal the requirements of a listing. (Id. at 287.)

In this case, the ALJ determined that Olivia suffered from the severe impairment of asthma. He found, however, that her impairment did not meet or equal the listings, as he found a marked limitation in only one functional domain, health and physical well-being.[3]

**B.   The ALJ's Credibility Determination.**

With respect to credibility the ALJ stated:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible.

---

[3] Plaintiff does not specifically contend that Olivia has marked or extreme limitations in any of the other domains. Although unclear, apparently Plaintiff contends that had the ALJ properly considered the testimony and the treating physician's opinion, he would have found Olivia had an extreme limitation in the health and physical well-being domain. Thus, the ALJ would have found her to be disabled.

(Id. at 18.) The ALJ then went on to discuss Olivia's numerous absences from school, as indicative of a marked restriction in health and physical well-being, but noted there was no evidence of limitation in any of the other domains. (Id.) With respect to the school absences, he also noted that many of them were due to "feeling sick, illness, sick, stomach ache and unexcused absences," rather than asthma. (Id. at 24; see also id. at 155-58, 305-07.) The ALJ also stated that although medication for the asthma is documented, examinations of Olivia's lungs show them clear, with "no wheezing and asthma resolving," and "other normal respiratory and lung examinations." (Id. at 24.) He also stated there was no evidence in the record of a need for hospitalizations, frequent emergency room visits, or office intervention. (Id. at 19.)

### 1.  **The ALJ Properly Considered Olivia's Testimony.**

At the time of the hearing, Olivia was ten years old. She testified at the hearing that she has had asthma since she was three years old, which worsened over time. (Id. at 44.) Olivia also testified that her asthma is worse during the summer or winter, or when the weather changes. (Id.) Olivia further testified that she had gone to the emergency room "in the last year or two" because of her asthma but had not been kept overnight. (Id.) Olivia also stated that she has had problems at school with her asthma ever since she was in school. (Id. at 45.) Finally, Olivia testified that she does not get any exercise or perform any athletics because she has to stop and go inside to do her treatments or take her medication. (Id. at 47.)

Plaintiff contends that the ALJ erred because he failed to consider or discuss any of Olivia's testimony, and did not provide any reasons for rejecting her testimony. (JS at 4.) The Court disagrees.

An ALJ's credibility finding must be properly supported by the record and

5

sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians

and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

As noted above, the ALJ discounted Olivia's testimony only to the extent that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not supported by the record. In making this determination the ALJ considered Olivia's school record (both academic and attendance), medication, normal lung examinations, and the lack of evidence of hospitalizations, frequent emergency room visits, or office intervention. (AR at 19.) The Court finds these to be specific and legitimate reasons for rejecting Olivia's testimony insofar as it related to the intensity, persistence and limiting effects of her symptoms.

Accordingly, the Court finds that the ALJ's credibility determination was proper because the reasons for discounting Olivia's testimony were supported by substantial evidence and were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit her subjective testimony. Thus, there was no error.

**2.    The ALJ Properly Considered Plaintiff's Testimony.**

At the hearing, Plaintiff, Olivia's mother, testified that two years before the hearing Olivia had missed approximately seventy days of school and that she continues to miss school. (AR at 50.) Plaintiff testified that she keeps getting truant notices because she has to take Olivia out of school. (Id.) Plaintiff also testified that she has spoken with Olivia's teachers, and they inform her that when Olivia misses her daily instruction, this puts her at a disadvantage from the rest of the students. (Id.) Plaintiff further testified that Olivia weighs more than 180 pounds, which is attributed to the high doses of Prednizone that she takes. (Id. at

51.) She also explained that for some of her symptoms Olivia has taken Penicillin and Erythromycin, both of which are antibiotics. (Id. at 52.) She claims that Olivia has developed immunity to some of these medications. (Id.) Finally, Plaintiff testified that Olivia is constantly sick and always has problems with her breathing. (Id. at 53.)

Plaintiff contends that the ALJ failed to properly consider her testimony. (JS at 9.) The Court disagrees.

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)) as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. He must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ did not completely discount Plaintiff's statements. As noted above, he merely stated that he found the statements concerning the intensity, persistence and limiting effects of Olivia's symptoms not entirely credible. (AR at 18.) He discussed the fact that although there were numerous absences from school, a significant percentage of them were due to other routine ailments (sickness, illness, stomach ache, unexcused absence), rather than Olivia's asthma.

(Id.) The ALJ also stated that although medication for the asthma is documented, examinations of Olivia's lungs show them clear, with "no wheezing and asthma resolving," and "other normal respiratory and lung examinations." (Id.) He also stated there was no evidence in the record of a need for hospitalizations, frequent emergency room visits, or office intervention. (Id. at 19.) Although no doubt true that Olivia's teachers informed Plaintiff that Olivia's absences put her at a disadvantage to the other students, Olivia met grade level standards in reading, language arts, and math, with the exception of grade six, has been repeatedly promoted, and was currently in the eighth grade. (Id. at 20.)

Accordingly, the Court finds that the ALJ provided sufficient reasons germane to the witness for giving her statement less weight. Thus, there was no error.

## C. The ALJ Properly Considered the Treating Physician's Opinion.

On October 13, 2005, Dr. Jesus Aquino, completed a Pulmonary Residual Functional Capacity Questionnaire on behalf of Olivia. (Id. at 310-13.)

Dr. Aquino indicated that Olivia shows symptoms of shortness of breath, chest tightness, wheezing, episodic acute asthma, fatigue, palpitations and coughing. (Id. at 310.) Dr. Aquino also indicated that Olivia has acute asthma attacks precipitated by upper respiratory infections, allergens, exercise, emotional upset or stress, irritants, cold air or change in the weather, and certain foods. (Id.) Dr. Aquino also indicated that Olivia gets asthma attacks for no reason. (Id.)

Although some of the notes are difficult to read, Dr. Aquino noted that Olivia does need several medications and occasionally requires steroids when symptoms are exacerbated. (Id.) Dr. Aquino further stated that Olivia gets attacks every day and emotional factors contribute to the severity of her symptoms and limitations. (Id. at 311.) In addition, Dr. Aquino indicated that

9

Olivia's symptoms will frequently interfere with her attention and concentration. (Id.) Dr. Aquino noted that Olivia takes Prednizone (as needed), Flonase (as needed), Foridil (2 puffs a day), Allegra (2 times a day), Advair (2 puffs a day), Singular [sic] (1 tablet a day), and Albuterol inhaler (daily). (Id.) She reports that these medication may cause headaches, heartbeat, sleepless nights, shortness of breath, increased hunger, weight gain, and yeast infections. (Id.) Dr. Aquino also indicated that Olivia's condition is expected to last at least 12 months. (Id.) Furthermore, Dr. Aquino noted that Olivia might be able to walk one block without rest, and continuously sit and stand for forty-five minutes, if placed "in a competitive work situation on an ongoing basis." (Id. at 312.) Yet, she declined to answer a question regarding how long the patient could sit and stand in an eight-hour workday on the grounds that Olivia was ten years old and the question was not applicable. (Id.) Finally, Dr. Aquino indicated that Olivia is to avoid all exposure to every environmental restriction and noted that "she is not able to focus on school work due to frequent allergies & asthma & frequent absences due to illness." (Id. at 313.)

The ALJ stated as follows:

> The pre-printed form completed by Dr. Aquino at Exhibit 9F and solicited by the claimant's representative is entitled to no weight. He [sic] found the claimant able to walk possibly one block without rest, stand 45 minutes and sit 45 minutes maximum at a time. Through a series of checked boxes, a plethora of symptoms were noted as well as precipitating factors for which the claimant requires several medications as well as the occasional use of steroids. In addition, Dr. Aquino listed headaches, increased heart rate, sleepless nights, increased hunger, weight gain and yeast infections which are entirely

10

undocumented by the record. Moreover, [s]he indicates that the claimant experiences asthma attacks every day. The totality of the evidence of record supports to the contrary that the claimant's asthma is merely episodic and claimant has not required any hospital, emergency room or office mediated intervention.

(AR at 19.)

Plaintiff contends the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Aquino's findings. (JS at 14.) Specifically, she contends that the ALJ arbitrarily rejected Dr. Aquino's findings and misrepresented the record "in order to substantiate a flawed decision." (Id. at 13.) She contends the record "clearly establishes" that Olivia had "indeed been hospitalized many times for her condition"[4] and that the ALJ "determined otherwise." (Id. (citing to AR at 44).) The Court disagrees.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a

---

[4] Plaintiff overstates Olivia's testimony regarding "hospitalizations." (See JS at 13 ("The record clearly establishes . . . that Olivia has indeed been hospitalized many times for her condition. [AR 44.]").) Olivia did not testify that she had ever been hospitalized (i.e., overnight) due to her condition. (See AR at 44.) In fact, she specifically denied such "hospitalizations," and the medical records also do not show any such extended stays. Although Olivia testified to "emergency room visits," the Court was able to locate only one record, dated June 17, 2002, that specifically reflected a follow up from an emergency room visit, and that visit apparently related to a sore throat, not specifically to asthmatic breathing problems. (Id. at 263 (diagnosis "tonsillitis").)

11

physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

     In this case, the ALJ noted that Dr. Aquino's report was a "pre-printed" form consisting of check boxes. (AR at 19.) The Ninth Circuit has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). In addition to noting the conclusory nature of the form, the ALJ also noted that Dr. Aquino's findings were unsupported by the record evidence: many records actually indicated normal examinations. (See, e.g., AR at 18-19 (citing id. at 218, 221, 225, 234, 258, 260, 265, 268, 269, 272, 274).) He found that Dr. Aquino's note that Olivia was unable to "focus on school work" was unsupported, as there was no evidence in the record that Olivia was unable to acquire and use information, and this opinion was inconsistent with

1  Olivia's actual progress in school as documented by her school records. (Id. at
2  19-20 (citing id. at 144-63).)
3       Again, the lack of supporting evidence in the record is a proper
4  consideration when discounting the opinion of a treating physician. Thomas, 278
5  F.3d at 957. Moreover, Dr. Aquino's report actually is not inconsistent with the
6  ALJ's finding that Olivia had no functional limitations in any area other than
7  health and well-being, and no more than marked functional limitation in that area.
8       Based on the foregoing, the Court finds the ALJ's reasons for discounting
9  the opinions expressed by Dr. Aquino to be specific and legitimate and his
10 decision to be supported by substantial evidence. Thus, there was no error.

## V.

## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: March 20, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge